**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**STATE FARM FIRE & CASUALTY COMPANY,**

    Plaintiff,

v.                                                             Civil Action No.: 3:14-CV-99
                                                            (GROH)

**DEREK KENNEY; TIFFANY WATTS;
EMILEE BRAGG; EMILY UNGER;
JENNIFER BRILL; ASHLEY COSNER;
CHERYL DUNHAM; KATRINA SCHULER;
AMANDA ZITTLE; JENNIFER TILLER;
and JANE DOES (1-15),**

    Defendants.

## **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

On this date, the above-styled matter came before the Court for consideration of the Plaintiff's Motion for Summary Judgment, [ECF 27], filed on February 12, 2015. The Plaintiff, State Farm Fire & Casualty Company ("State Farm"), moves the Court to grant summary judgment in its favor as to its Complaint for Declaratory Relief, filed on September 2, 2014. State Farm argues that it has no duty to defend or indemnify Defendant Derek Kenney ("Kenney") in connection with any of the causes of action filed against him in the Circuit Court of Berkeley County, West Virginia ("Underlying Actions"). The other above-named Defendants are the plaintiffs in the Underlying Actions. Because the Court finds that State Farm has no duty to defend or indemnify Kenney in connection with any of the Underlying Actions, and as there is no genuine issue as to any material fact in that regard, the Court **GRANTS** State Farm's Motion for Summary Judgment.

## I. Background

Kenney has been named as a defendant in six lawsuits filed by the other above-named Defendants in the Circuit Court of Berkeley County, West Virginia. These suits stem from similar incidents and each suit alleges a similar set of facts. The suits allege that Kenney secretly filmed women while they were using a tanning salon in Martinsburg, West Virginia. According to the allegations in the complaints, after the women entered one of the salon's tanning booths and were either partially or fully nude, Kenney filmed them through gaps above or below the tanning booth walls. The complaints assert causes of action against Kenney for invasion of privacy and intentional infliction of emotional distress.

State Farm filed a complaint for declaratory relief in this Court on September 2, 2014. To date, Kenney has failed to appear, plead, or otherwise defend against this action. On February 12, 2015, State Farm moved for entry of default against Kenney, and for summary judgment. On February 24, 2015, the Clerk entered default.

## II. Standard of Review

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when there is no genuine issue as to any material fact and the moving party is entitled to judgment in its favor as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-35; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

### III. Discussion

The relationship between State Farm and Kenney was established by way of an insurance policy ("the Policy") that State Farm issued to Sean and Wanda Kenney. State Farm argues that the Policy does not require it to defend or indemnify Derek Kenney under West Virginia law because Kenney's actions, for which he is now being sued, constituted neither bodily injury nor property damage–two types of harm covered by the Policy. Additionally, State Farm argues that Kenney's actions were "intentional acts," which are excluded from coverage under the Policy.

The Policy provides that if a claim is made against an insured for damages "because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**," then State Farm will pay up to its limit in liability "for the damages for which the insured is legally liable" and provide a defense to the insured. Under the terms of the Policy, an occurrence means "an accident, including exposure to conditions," which results in bodily injury or property damage.

In the Policy, "bodily injury" is defined as "physical injury, sickness, or disease to a person." Excluded from the definition of bodily injury are "emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person." "Property damage" is defined as "physical damage to or destruction of tangible property, including loss of use of this property."

Expressly excluded under the Policy is "coverage for **bodily injury** or **property damage**: (1) which is either expected or intended by the **insured**; or (2) which is the result of willful and malicious acts of the **insured**."

State Farm argues that the provisions of the Policy excerpted above are clear and unambiguous, and establish that there is no genuine issue of material fact as to whether Kenney is entitled to coverage under the policy in connection with the Underlying Actions. For the following reasons, the Court agrees and finds that State Farm has no duty to defend or indemnify Kenney.

Pursuant to the terms of the Policy, State Farm would be required to defend or indemnify Kenney only if the Underlying Actions sought damages stemming from bodily injury or property damage. Upon review of the record and applicable West Virginia precedent, the Court finds that the damages alleged in the Underlying Actions are not covered by the Policy. In Smith v. Animal Urgent Care, Inc., 542 S.E.2d 827, 828 (W. Va. 2000), the Supreme Court of Appeals of West Virginia considered "whether a sexual harassment claim that is limited to emotional harm which lacks any physical manifestation can be said to constitute a 'bodily injury'" for purposes of insurance indemnity. The court held that mental or emotional harm that "lacks physical manifestation" does not fall within a definition of bodily injury limited to "bodily injury, sickness, or disease." Id. at 831. In the

4

instant case, bodily injury is defined as "physical injury, sickness, or disease to a person." Accordingly, the injuries alleged in the Underlying Actions do not constitute bodily injury under the Policy. It is just as apparent that the Underlying Actions do not contain any allegations that qualify under the Policy's definition of property damage. Because the circuit court plaintiffs' claims of invasion of privacy and intentional infliction of emotional distress do not constitute bodily injury or property damage, State Farm is not obligated to defend or indemnify Kenney.

Furthermore, even if the plaintiffs in the Underlying Actions were seeking damages for bodily injury or property damage, the Policy's exclusion of coverage for injury or damage that is either expected, intended, or the result of willful or malicious acts would obviate State Farm's obligations to Kenney. Indeed, State Farm contends that West Virginia law would estop Kenney from claiming his conduct was not intentional, because he has already pleaded guilty to criminal invasion of privacy in violation of Section 61-8-28 of the West Virginia Code. That law makes it unlawful for a person to "*knowingly* visually portray another person without that other person's knowledge while that other person is fully or partially nude and is in a place where a reasonable person would have an expectation of privacy." W. Va. Code § 61-8-28 (emphasis added).

Under West Virginia law, an insurance policyholder may be estopped from claiming his or her conduct was not intentional when a related criminal conviction previously established the policyholder's intent. See Baber v. Fortner ex rel. Poe, 412 S.E.2d 814, 821 (W. Va. 1991) (finding that relitigation of the issue of a policyholder's intent "under a lesser civil standard" would be pointless, where a criminal jury had already found the policyholder guilty of voluntary manslaughter, which established his intent to kill). In the instant case,

Kenney was not found guilty by a jury, but instead pleaded guilty; a distinction that the Supreme Court of Appeals of West Virginia has found to be "of little consequence" when evaluating estoppel. Leach v. Schlaegel, 447 S.E.2d 1, 4 (W. Va. 1994) (per curiam). The Leach court held that a defendant who pleaded guilty to a battery charge was estopped from later denying that battery in a civil proceeding. Id.

This Court has applied Leach to a declaratory judgment action brought by an insurer and has reached the same conclusion. Erie Ins. Prop. & Cas. Co. v. Farrell, Civil Action No. 3:05-CV-21, 2006 WL 2560285, at *4 (N.D.W. Va. Sept. 5, 2006) (granting summary judgment in favor of the plaintiff-insurer and finding that a defendant was estopped from claiming he was entitled to coverage under the insurance policy because the defendant previously pleaded guilty to joyriding). Here, there is little doubt that Kenney acted intentionally under West Virginia law. Regardless of that fact, Kenney's plea of guilty to criminal invasion of privacy sufficiently established his intent for purposes of the Policy's "intentional act" exclusion.

Accordingly, the Policy does not cover the damages alleged in the Underlying Actions, for multiple reasons. As the Policy's terms are clear and unambiguous, there is no genuine issue as to any material fact before this Court. Therefore, State Farm is entitled to summary judgment. State Farm does not have a duty to defend or indemnify Kenney in connection with the Underlying Actions.

### IV. Conclusion

For the reasons stated above, the Court hereby **ORDERS** that the Plaintiff's Motion for Summary Judgment, [ECF 27], is **GRANTED**. This matter is **ORDERED STRICKEN**

from the active docket of this Court. The Clerk is **DIRECTED**, pursuant to Federal Rule of Civil Procedure 58, to enter a separate order of judgment in favor of the Plaintiff.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** May 15, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE